STATE OF CONNECTICUT *v.* KENNETH E. HUDSON, JR.

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 15, 1967

*Charles D. Gill,* of New Haven, for the defendant.

*Robert K. Walsh,* assistant state's attorney, for the state.

BY THE DIVISION. A grand jury returned a true bill of first-degree murder against the defendant. Subsequently the defendant, nineteen years of age, pleaded guilty to the crime of manslaughter in violation of § 53-13 of the General Statutes, which provides for a maximum sentence of fifteen years. This plea was accepted and the court imposed a sentence of not less than five nor more than ten years.

This homicide arose out of a street altercation in New Haven. The defendant, a codefendant and the victim had been drinking together in a poolroom. Upon leaving the poolroom, an argument developed or continued between the victim and the codefendant, who was confined to a wheelchair. Although the preliminaries are somewhat obscure, it appears that the victim slapped the codefendant with his hat when the codefendant refused to give him a drink out of his bottle. The defendant then got into the affray with the statement, "Why don't you take me on if you want a fight?" The defendant then took

part of a car antenna and put it around the victim's neck and knocked him to the ground. As the defendant and the victim scuffled on the ground the defendant drew his own knife out of his pocket and stabbed the victim fatally. The codefendant, it appears, also had a knife and incited the defendant to continue the fight. There is some dispute over some of the details of the offense, but it is not the province of this Division to find facts.

The sentencing court said: "It's hard to understand how this man could have become involved in this thing unavoidably. He came into this thing as a stranger to the original conversation and then intermeddled in something which was of no concern to him . . . . [I]t was he who thrust the knife into this person . . . . His sentence, even though he has a good record . . . should be increased over that of [the codefendant]. We can't condone the killing of a person."

We believe that the court fairly and justly evaluated all of the available background material and came to a proper conclusion. The sentence should stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.